IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEE CRAYTON, #918103,<br>    Plaintiff, | )<br>)<br>) | |
| v. | ) | 3:08-CV-0331-O |
| | ) | |
| DALLAS COUNTY DIRECTOR, et al.,<br>    Defendants. | )<br>) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined within the Texas Department of Criminal Justice - - Correctional Institutions Division (TDCJ-CID). Defendants are the Dallas County Director, trial and appellate counsel, and TDCJ-CID Director Nathaniel Quarterman.

The court has not issued process in this case, pending preliminary screening. On February 28, 2008, the magistrate judge issued a questionnaire, to which Plaintiff objected on March 11, 2008. Thereafter, the magistrate judge re-issued the questionnaire directing Plaintiff to provide full and complete answers. On April 28, 2008, Plaintiff filed a pleading styled "Motion for Leave to File Notice of Appeal, Motion for Writ of Mandamus and Prohibition, Motion for Abatement Against Default, and Motion for Clemency, Declaratory Judgment, Injunctive Relief, and Motion for Leave to file Extraordinary Writ," along with a motion to

proceed *in forma pauperis* on appeal.

Statement of Case: The complaint challenges Plaintiff's conviction for aggravated sexual assault, for which he is presently confined serving a life sentence. *See State v. Crayton*, No. F98-70332-PH (Crim. Dist. Ct. No. 1, Dallas County, Nov. 17, 1999). The court of appeals affirmed his conviction, *see Crayton v. State*, No. 05-00-00253-CR (Tex. App. -- Dallas, Oct. 9, 2001, no pet.), and the Texas Court of Criminal Appeals denied his requests for state post-conviction relief, *see Ex parte Crayton,* No. WR-53,909-01 (Tex. Crim. App. Feb. 19, 2003); *Ex parte Crayton,* No. WR-53,909-02 (Tex. Crim. App. June 29, 2005).

Plaintiff alleges he was unlawfully convicted and confined. He asserts the convicting court denied him a fair trial and abused its discretion, and trial and appellate counsel conspired under color of law. Plaintiff requests monetary, declaratory and injunctive relief.

Contemporaneously with the filing of this action, Plaintiff submitted a petition for writ of habeas corpus challenging his conviction in No. F98-70332-PH. *See Crayton v. Quarterman*, 3:08-CV-0332-L (N.D. Tex.) (referred to Magistrate Judge Stickney). An order to show cause to Respondent was issued on March 18, 2008, and an answer is due on or before June 16, 2008.

Findings and Conclusions: The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B)

("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff seeks to overturn his conviction. This claim is cognizable only in the context of a habeas corpus action pursuant to 28 U.S.C. § 2254. *See Hill v. McDonough*, 547 U.S. 573, 579 (2006) (challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus, whereas challenges to the circumstances of confinement may be brought under § 1983); *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973) (same); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (same); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same). Accordingly, this claim should be dismissed without prejudice as it duplicates the claims raised in the pending federal habeas corpus petition.

Insofar as Plaintiff seeks monetary damages for his allegedly illegal conviction, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Supreme Court in *Heck* stated:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* The *Heck* Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's confinement, his claim "is not cognizable under [section] 1983." *Id.* at 487.

Plaintiff has not satisfied the *Heck* favorable termination requirement with respect to his aggravated sexual assault conviction. As noted above, Plaintiff's conviction was affirmed on direct appeal, and he was denied post-conviction relief. Moreover, his federal habeas corpus petition is presently pending review in this court. Therefore, Plaintiff is precluded from maintaining a civil cause of action at the present time. *Heck*, 512 U.S. at 488-89; *accord Randell*, 227 F.3d 300, 301 (5th Cir. 2000) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery . . . .").

Accordingly, the district court should dismiss the complaint with prejudice as frivolous to its being asserted again until the *Heck* conditions are met. *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) *(quoting Johnson v. McEleveen*, 101 F.3d 423, 424 (5th Cir. 1996) (noting preferred language)).

Insofar as Plaintiff seeks mandamus type relief to compel state officials to grant him clemency and or a pardon, s*ee* motion filed on April 28, 2008 (Doc. #11), his claim fares no better. Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). Therefore, Plaintiff's request for mandamus type relief lacks an arguable basis in law and should be dismissed with prejudice as frivolous. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus

4

state courts in the performance of their duties).

Plaintiff's Motions for Leave to File Notice of Appeal and to proceed *in forma pauperis* on appeal should be denied without prejudice as premature.

RECOMMENDATION:

For the foregoing reasons, it is recommended (1) that Plaintiff's claim seeking to overturn his allegedly illegal conviction be DISMISSED without prejudice as duplicative of his pending federal habeas corpus petition, (2) that Plaintiff's claim seeking monetary damages for his allegedly illegal conviction be DISMISSED with prejudice as frivolous to its being asserted again until the *Heck* conditions are met, and (3) that Plaintiff's request for mandamus type relief be DISMISSED with prejudice as frivolous. 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B).

It is further recommended that Plaintiff's motions for leave to file notice of appeal and to proceed *in forma pauperis* on appeal (Doc. #11-12) be DENIED without prejudice as premature.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 21st day of May, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.